IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>JESUS FAJARDO-ZAMORA,<br>　　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S [1] MOTION TO VACATE**<br><br>Case No. 2:16-cv-01087<br><br>District Judge David Nuffer |

Defendant Jesus Fajardo-Zamora seeks to vacate his conviction under 28 U.S.C. § 2255.[1] Mr. Fajardo-Zamora argues that his trial counsel was ineffective for "failing to properly advise [of] constitutional rights" which led to an involuntary guilty plea ("Ground One"),[2] failing "to object [to] unsupported allegation[s] in the presentence worksheet in determining aggravated felony" ("Ground Two"),[3] by "not assuring that there was not [sic] an adequate factual basis for his guilty plea" ("Ground Three"),[4] and by "failing to file a temely [sic] notice of appeal" ("Ground Four").[5] Because the record conclusively shows that Mr. Fajardo-Zamora is not entitled to relief on his claim, further proceedings are unnecessary[6] and his Motion to Vacate his conviction of illegal re-entry is DENIED.

---

[1] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody ("Motion to Vacate"), docket no. 1, filed Oct. 24, 2016.

[2] *Id.* at 5.

[3] *Id.* at 6.

[4] *Id.* at 8.

[5] *Id.* at 9.

[6] *See* 28 U.S.C. § 2255(b) (stating that notice need not be served upon the United States attorney if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief").

## BACKGROUND

Mr. Fajardo-Zamora has previously been removed from the United States on November 26, 2002, and again on May 25, 2011.[7] On April 4, 2016, Mr. Fajardo-Zamora pleaded guilty to one count of Reentry of a Previously Removed Alien in violation of 8 U.S.C. § 1326.[8] His guilty plea included a signed statement, representing to the Court that the terms of the guilty plea had been explained by counsel through a certified Court interpreter, and that he fully understood the terms.[9] He was sentenced on April 14, 2016, to 37 months in prison and 36 months of supervised release.[10] On October 24, 2016, Mr. Fajardo-Zamora filed the *pro se* § 2255 motion that initiated this case.

## DISCUSSION

All motions brought under 28 U.S.C. § 2255 must be granted a hearing and notice provided to the prosecution, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]"[11] When the record conclusively shows that the prisoner is not entitled to relief, the court may exercise discretion to rule on the record alone, without holding a hearing first.[12] Additionally, "[a] *pro se* litigant's pleadings are to be construed liberally . . . . At the same time, [it is not] the proper function of the district court to assume the role of advocate for the *pro se* litigant."[13]

---

[7] Presentence Investigation Report at 9-10, ECF no. 11 in case no. 2:16-cr-00029-DN, filed under seal Mar. 9, 2016.

[8] Minute Entry for proceedings held before Magistrate Judge Dustin B. Pead ("Plea Hearing"), ECF no. 14 in case no. 2:16-cr-00029-DN, entered Apr. 5, 2016.

[9] Statement by Defendant in Advance of Plea of Guilty ("Statement in Advance of Plea") at 6–7, ECF no. 16 in case no. 2:16-cr-00029-DN, filed Apr. 4, 2010.

[10] Judgment in a Criminal Case at 2, ECF no. 19 in case no. 2:16-cr-00029-DN, entered Apr. 15, 2016.

[11] 28 U.S.C. § 2255(b).

[12] *United States v. Marr*, 856 F.2d, 1471, 1472 (10th Cir. 1988).

[13] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Because Mr. Fajardo-Zamora alleges ineffective assistance of counsel, under *Strickland*,[14] he has the burden of showing "[f]irst, . . . that counsel's performance was deficient . . . . [and s]econd, . . . that [counsel's] deficient performance prejudiced the defense."[15]

To show deficient performance, the defendant must establish "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."[16] "Judicial scrutiny of counsel's performance must be highly deferential" as "it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."[17]

To demonstrate prejudice the defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[18]

### Mr. Fajardo-Zamora's guilty plea was not involuntary as a result of counsel's deficient performance

Mr. Fajardo-Zamora argues that his trial counsel failed to advise him of his right to trial guaranteed by the Fifth and Sixth amendments, which resulted in an involuntary guilty plea.[19] Mr. Fajardo-Zamora fails to establish a claim under § 2255. His unsupported allegations are

---

[14] 466 U.S. 668 (1984).

[15] *Id.* at 687.

[16] *Id.*

[17] *Id.* at 689.

[18] *Id.* at 694.

[19] Motion to Vacate at 5.

3

belied by the signed Statement in Advance of Plea in which he acknowledges a "full understanding"[20] of the facts of the case and consequences of the plea. [21]

His Statement in Advance of Plea reveals that he made the decision to enter a plea of guilty, "after full and careful thought, with the advice of counsel, and with a full understanding of [his] rights[.]"[22] Mr. Fajardo-Zamora further stated, "I know that I have a right to a trial by jury . . . [u]nder a plea of guilty, there will not be a trial of any kind."[23] Mr. Fajardo-Zamora also had the assistance of counsel and an interpreter both when reviewing the terms of his guilty plea,[24] and at his plea hearing.[25] Mr. Fajardo-Zamora offers nothing more than the unsupported allegation that his attorney failed to advise him of his right to trial. This is unpersuasive in light of his signed Statement in Advance of Plea.[26]

Because the record establishes that Mr. Fajardo-Zamora knowingly and voluntarily waived his right to a jury trial by entering a guilty plea, his counsel was not ineffective and his claim for relief under Ground One is DENIED.

### Counsel's failure to object to the sentence enhancement was not deficient performance rising to the level of ineffective assistance of counsel

As Ground Two, Mr. Fajardo-Zamora argues that because his counsel failed to object to the presentence investigation report's ("PSR") reliance on an "unsupported" previous aggravated

---

[20] Statement of Plea at 6.

[21] *Mims v. United States*, No. 2:06-cv-00492-PGC, 2006 WL 2037573, at *2 (D. Utah July 18, 2006)

[22] Statement of Plea at 6.

[23] *Id.* at 2–3.

[24] *Id.* at 6.

[25] *See* Plea Hearing.

[26] *See Mims*, 2006 WL 2037573 at *2.

felony conviction, his recommended offense level was miscalculated and the district court erred in relying on the PSR to calculate the sentencing range.[27]

"With few limitations, a court has almost unlimited discretion in determining what information it will hear and rely upon in imposing [a] sentence."[28] Indeed, "[n]o constitutional provision prevents a district court from adopting . . . a finding after considering the parties' respective positions on the matter[.]"[29] The record shows that prior to Mr. Fajardo-Zamora's sentencing, the district court reviewed all the material in his file, including previous convictions and sentencings, the felony information, the notice of sentencing enhancement, and the presentence report.[30] Indeed, after reviewing information regarding Mr. Fajardo-Zamora's previous felony convictions,[31] the court exercised its discretion and accepted the sentencing enhancement based on a previous aggravated felony. Thus, Mr. Fajardo-Zamora's counsel was not deficient by not objecting to the enhancement relied on by the district court in its discretion.

Moreover, even if counsel's error did constitute deficient performance, Mr. Fajardo-Zamora has not shown that he was prejudiced as required by *Strickland*.[32] "To establish prejudice in the context of a guilty plea, Mr. [Fajardo-Zamora] must show that but for counsel's deficient performance, he would not have pleaded guilty but instead 'would have insisted on going to trial.'"[33] Mr. Fajardo-Zamora fails to meet this burden.

---

[27] Motion to Vacate at 6.

[28] *United States v. Graves*, 785 F.2d 870, 872 (10th Cir. 1986).

[29] *United States v. Wilson*, 545 F. App'x. 714, 716–17 (10th Cir. 2013) (unpublished).

[30] Reporter's Transcript of Proceedings, Sentencing Hearing at 3–4, ECF no. 27 in case no. 2:16-cr-00029-DN, filed June 7, 2016.

[31] *Id.* at 4.

[32] *Strickland*, 466 U.S. at 694.

[33] *United States v. Smith*, 371 F. App'x. 901, 905 (10th Cir. 2010) (quoting *United States v. Taylor*, 454 F.3d 1075, 1080 (10th Cir. 2006)) (unpublished).

Because the record shows that counsel's failure to object to the PSR's enhancement based on an aggravated felony was neither deficient nor prejudicial, Ground Two is DENIED.

### Mr. Fajardo-Zamora admitted to the factual basis of his guilty plea and his counsel's failure to object was not deficient

Mr. Fajardo-Zamora also attempts to argue that his counsel's failure to raise an objection based on potential issues with a previous removal proceeding somehow prejudiced his sentence:

> "There was ineffective assistance [sic] of trial counsel because Petitioner's attorney failed to argue that "at his removal proceedings, Petitioner was not advised of his right to appeal or right to counsel in Spanish. The failure to argue that there were irregularities in the underlying deportation order on which his charge of illegal reentry was predicated. There is no record of Petitioner validly waiving his right to counsel in his removal proceeding."[34]

There are numerous problems with Mr. Fajardo-Zamora's argument. He does not specify to which of his two previous deportations he is referring, and he does not identify how the failure to object prejudiced his sentence. He cannot argue that the failure resulted in an unnecessary enhancement from the aggravated felony conviction because he does not challenge the underlying conviction. Instead he argues that the removal proceedings that occurred *after* he was convicted of the aggravated felony were improper. This misses the mark. Thus, counsel's failure to raise issues relating to a previous removal proceeding did not result in prejudice to Mr. Fajardo-Zamora.

If Ground Three is a challenge to the conviction in this case, *i.e.* Reentry of a Previously Removed Alien, Mr. Fajardo-Zamora has not alleged Ground Three with sufficient clarity.[35] And it is not "the function of the district court to assume the role of advocate," for him by assuming

---

[34] Motion to Vacate at 8.

[35] *See e.g.*, *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

facts not pleaded.[36] Even assuming Mr. Fajardo-Zamora is arguing that there was no factual basis for his guilty plea, his argument is unpersuasive. The record establishes that Mr. Fajardo-Zamora, in his Statement in Advance of Plea and at his Plea Hearing,[37] expressly agreed to the facts underlying his conviction. Specifically, he stipulated that: (1) he is not a citizen of the United States;[38] (2) he had previously been removed from the United States;[39] and (3) he knowingly reentered the United States without permission from the Department of Homeland Security.[40] These stipulated facts establish a basis for Mr. Fajardo-Zamora's guilty plea.[41]

Therefore, Mr. Fajardo-Zamora has not established that his trial counsel's failure to object to issues with a previous removal proceeding was either deficient or prejudicial and Ground Three is DENIED.

### Mr. Fajardo-Zamora's counsel filed a timely notice of appeal

Finally, Mr. Fajardo-Zamora argues that his counsel failed to file a timely notice of appeal despite his request, and was thereby prejudiced. The record indicates that Mr. Fajardo-Zamora's counsel filed a notice of appeal on April 29, 2016, 14 days after judgment was entered,[42] which was timely pursuant to Fed. R. App. P. 4(b). Because Fajardo-Zamora's counsel did in fact file a timely notice of appeal, Ground Four is DENIED.

---

[36] *Hall*, 935 F.2d at 1110.

[37] *See* Plea Hearing

[38] Statement of Plea at 9.

[39] *Id.*

[40] *Id.*

[41] *See, e.g., Ellis v. United States*, No. 2:05-cv-00767-DAK, 2006 WL 181691, at *5 (D. Utah Jan. 24, 2006).

[42] Notice of Appeal, ECF no. 22 in case no. 2:16-cr-00029-DN, filed on Apr. 29, 2016.

## ORDER

IT IS HEREBY ORDERED that Fajardo-Zamora's Motion to Vacate[43] is DENIED.

IT IS FURTHER HEREBY ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

IT IS FURTHER HEREBY ORDERED that, pursuant to Rule 11(a) of the Rules governing § 2255 Cases, Mr. Quinn is DENIED a certificate of appealability.

The clerk is directed to CLOSE this case.

Signed June 12, 2017.

BY THE COURT

_____
District Judge David Nuffer

---

[43] Docket no. 1, filed Oct. 24, 2016.